IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD B. KIMBROUGH, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Richard B. Kimbrough ("Plaintiff"), and for his complaint against the Defendant alleges and states as follows:

1. At all times relevant to this action, the Plaintiff was and is a resident of the state of Nebraska.

2. Jurisdiction in this matter is founded upon 28 U.S.C. §1346(b) and 28 U.S.C. §§2671-2680, commonly known as the Federal Tort Claims Act.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within the territorial limits of the United States District Court for the District of Nebraska.

4. As required by statute, Plaintiff presented his Claim for personal injury on a Standard Form 95 with the Defendant by mailing same to the Department of Veterans Affairs, Office of Regional Counsel, Building 29, Room 308, 1 Jefferson Barracks Drive, St. Louis, MO 63125 on or about March 22, 2010. The claim was received and assigned the claim number GCL-657S-71833. That attached as Exhibit 1 and incorporated herein by reference, is a true and accurate copy of said claim.

5. That on or about June 28, 2010 and July 7, 2011, Plaintiff filed an Amended Tort Claim for personal injury with the Defendant United States, through its agent Department of Veterans Affairs and/or St. Louis Office of Regional Counsel. That attached as Exhibit 2 and 3, and incorporated herein by reference, are true and accurate copies of said Amended Claims.

6. By letter dated November 21, 2011, Defendant United States, through its agent Department of Veterans Affairs and/or St. Louis Office of Regional Counsel, denied Plaintiff's Tort Claim and Amended Tort Claim and informed him of his right to file a civil action within six (6) months of the date of the notice of the denial. That attached as Exhibit 4, and incorporated herein by reference, is a true and accurate copy of said denial.

7. Upon information and belief and at all times relevant, Defendant United States of

America ("United States") operated the Veterans Administration Nebraska-Western Iowa Health Care System - Omaha Division ("VA Omaha") located in Omaha, Nebraska and, as such, the VA Omaha is subject to and covered by the Federal Tort Claims Act ("FTCA"). Employees of the VA Omaha are deemed to be employees of the United States under the provisions of the FTCA.

8. Plaintiff entered into a physician-patient relationship with Defendant and VA Omaha and, at the recommendation of his physicians at VA Lincoln and VA Omaha, Plaintiff underwent cataract surgery on January 29, 2009 on his left eye in the form of a phacoemulsification of the lens with placement of PCIOL

9. That said surgery was performed by Dr. Kerry A. Johnson, M.D. at VA Omaha. Plaintiff was provided no choice of surgeon and was in fact instructed that Dr. Johnson was to be his surgeon and was never informed by any VA physician or staff or by Dr. Johnson that Dr. Johnson was not a vitreoretinal specialist or that Dr. Johnson had inadequate experience in this area.

10. During the course of Plaintiff's cataract surgery, Plaintiff's iris prolapsed out of the temporal wound and in spite of efforts to reposition the iris, it continued to prolapse out. Dr. Johnson, M.D. and Defendant's agents failed to properly respond to in a timely manner and failed to treat, all negligently causing injury to Plaintiff, including a torn posterior capsule, damaged iris, and corneal damage resulting in a complicated ocular injury.

11. That due to the negligence of Dr. Johnson, M.D. and Defendant's agents, Dr. Johnson and Defendant's agents failed to remove all lens material from the anterior chamber and posterior vitreous of Plaintiff's eye during the January 29, 2009 surgery and simply sewed up Plaintiff's left eye in order to end the unreasonably lengthy and negligently performed surgery.

12. That Plaintiff's surgery on January 29, 2009, was initially scheduled for a half hour, but he was under anesthesia for over three and a half hours due to the lack of experience and expertise of Dr. Johnson and her failure to be adequately trained and supervised, resulting in Dr. Johnson's failure to address a common incident in a cataract procedure in a medically reasonable manner.

13. That during the initial surgery on January 29, 2009 Plaintiff was subjected to a phacoemulsification time of 14.76 where the ordinary time during a cataract surgery is less than two minutes.

14. That Dr. Johnson and Defendant's agents were not properly trained or experienced to perform Plaintiff's surgery and postoperative/follow-up care and said doctor and agents negligently failed to refer Plaintiff to a necessary, more specialized surgeon and/or to provide necessary supervision of Dr. Johnson.

15. That due to Dr. Johnson's lack of experience and expertise, during the course of Plaintiff's surgery, Dr. Johnson attempted to contact and consult with two (2) other surgeons but could not reach them and ultimately consulted with Dr Millicent Palmer twice, once over the telephone and once after Dr. Palmer, M.D. arrived at the surgery site, in order to get direction on how

to address Plaintiff's immediate medical condition, causing unnecessary delay in the surgery procedure and injury to Plaintiff.

16. That said delays are a direct result of Dr. Johnson's inadequate experience and expertise and inappropriate and inadequate staffing patterns at the VA Omaha facility.

17. That Dr. Johnson failed to properly monitor and manage Plaintiff's medications both prior to and subsequent to Plaintiff's surgery, complicating his care, treatment and rehabilitation.

18. That Dr. Johnson and Defendant's agents failed to properly refer Plaintiff to a vitreoretinal specialist subsequent tot he first surgery for the complicated ocular injury.

19. That the actions and inactions of Dr. Johnson and Defendant's agents required Plaintiff to undergo additional surgery on February 6, 2009 for the removal of retained lens material from the anterior chamber of his left eye.

20. That the actions and inactions of Dr. Johnson and Defendant's agents required Plaintiff to undergo additional surgery on March 11, 2009 consisting of a vitrectomy, lensectomy, iridoplasty, and sutured secondary intraocular lens of the left eye.

21. That on March 23, 2009, Plaintiff underwent Ahmed valve placement in the left eye in order to relieve significant swelling and associated extreme pain all the result of the negligence of Defendant.

22. That the actions and inactions of Dr. Johnson and Defendant's agents subjected Plaintiff to significant trauma and irreparable harm.

23. That Dr. Johnson and the physicians, nurses and staff of VA Omaha breached the standard of care due Plaintiff and were negligent in the handling of Plaintiff's care and treatment surrounding Plaintiff's left eye cataract surgery, subsequent surgeries, and subsequent follow up treatment, resulting in damages to the Plaintiff.

24. That at all times pertinent herein, Defendants and each of them had the duty to exercise the degree of care, skill and knowledge ordinarily possessed and used under like circumstances by members of their profession and similar practice in their locality or similar localities, to wit: that level of care, skill, and treatment which is generally provided by physicians, physicians assistants, nurses, and staff of medical facilities under similar circumstances and conditions.

25. That Defendant's agents and employees failed to exercise the degree of skill and care or to possess the degree of knowledge ordinarily exercised or possessed by hospitals and/or physicians and/or physician's assistants and/or nurses and/or staff in similar circumstances practicing in the Omaha, Nebraska, or similar communities and were negligent, without limitation, in their care of Plaintiff.

26.     As a direct and proximate result of the negligence of the Defendant's agents and employees as described above, the Plaintiff now suffers from blindness and loss of vision in the left eye resulting in additional strain and injury to Plaintiff's right eye, a failed corneal transplant, pain, suffering, inconvenience and permanency. Additionally, Plaintiff's injuries are ongoing and permanent and will continue to cause Plaintiff pain and suffering, inconvenience, and ongoing treatment in the future.

27.     That as a further direct and proximate result of said negligence of the Defendant and/or Defendant's agents and employees, the Plaintiff has incurred medical expenses for medical treatment of said injuries in an amount to be proven at the time of trial.

28.     That Plaintiff has incurred said medical expenses and will continue to incur additional medical expenses and treatment thereof in the future in an amount as yet unknown.

29.     That said injuries will continue to cause Plaintiff great physical pain, suffering, mental anguish, physical disability, inconvenience and medical expenses in the future on a permanent basis.

30.     That Plaintiff hereby waives panel review pursuant to §44-2840(4).

## JURY TRIAL

This matter is brought pursuant to the Federal Tort Claims Act and a jury trial is not allowed thereunder.

## PLACE OF TRIAL

The Plaintiff requests that trial be held in Lincoln, Nebraska, pursuant to 28 U.S.C. §1402(b).

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

1.  For special damages, general damages, together with costs of this action; and
2.  For other damages that are reasonable in the premises.

DATED this 18 day of May, 2012

RICHARD B. KIMBROUGH, Plaintiff,

By: _____
James A. Cada, #10553
Edward F. Hoffman, #21397
Linda M. Jewson, #22910
1024 K Street
Lincoln, NE 68508
(402)477-2233

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❒ 1　U.S. Government Plaintiff
- ❒ 2　U.S. Government Defendant
- ❒ 3　Federal Question *(U.S. Government Not a Party)*
- ❒ 4　Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*　　　　　　　　　　　　*and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance<br>❒ 120 Marine<br>❒ 130 Miller Act<br>❒ 140 Negotiable Instrument<br>❒ 150 Recovery of Overpayment & Enforcement of Judgment<br>❒ 151 Medicare Act<br>❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>❒ 153 Recovery of Overpayment of Veteran's Benefits<br>❒ 160 Stockholders' Suits<br>❒ 190 Other Contract<br>❒ 195 Contract Product Liability<br>❒ 196 Franchise | **PERSONAL INJURY**<br>❒ 310 Airplane<br>❒ 315 Airplane Product Liability<br>❒ 320 Assault, Libel & Slander<br>❒ 330 Federal Employers' Liability<br>❒ 340 Marine<br>❒ 345 Marine Product Liability<br>❒ 350 Motor Vehicle<br>❒ 355 Motor Vehicle Product Liability<br>❒ 360 Other Personal Injury<br>❒ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>❒ 365 Personal Injury - Product Liability<br>❒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❒ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❒ 370 Other Fraud<br>❒ 371 Truth in Lending<br>❒ 380 Other Personal Property Damage<br>❒ 385 Property Damage Product Liability | ❒ 625 Drug Related Seizure of Property 21 USC 881<br>❒ 690 Other<br><br>**LABOR**<br>❒ 710 Fair Labor Standards Act<br>❒ 720 Labor/Mgmt. Relations<br>❒ 740 Railway Labor Act<br>❒ 751 Family and Medical Leave Act<br>❒ 790 Other Labor Litigation<br>❒ 791 Empl. Ret. Inc. Security Act | ❒ 422 Appeal 28 USC 158<br>❒ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❒ 820 Copyrights<br>❒ 830 Patent<br>❒ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❒ 861 HIA (1395ff)<br>❒ 862 Black Lung (923)<br>❒ 863 DIWC/DIWW (405(g))<br>❒ 864 SSID Title XVI<br>❒ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>❒ 870 Taxes (U.S. Plaintiff or Defendant)<br>❒ 871 IRS—Third Party 26 USC 7609 | ❒ 375 False Claims Act<br>❒ 400 State Reapportionment<br>❒ 410 Antitrust<br>❒ 430 Banks and Banking<br>❒ 450 Commerce<br>❒ 460 Deportation<br>❒ 470 Racketeer Influenced and Corrupt Organizations<br>❒ 480 Consumer Credit<br>❒ 490 Cable/Sat TV<br>❒ 850 Securities/Commodities/ Exchange<br>❒ 890 Other Statutory Actions<br>❒ 891 Agricultural Acts<br>❒ 893 Environmental Matters<br>❒ 895 Freedom of Information Act<br>❒ 896 Arbitration<br>❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❒ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>❒ 210 Land Condemnation<br>❒ 220 Foreclosure<br>❒ 230 Rent Lease & Ejectment<br>❒ 240 Torts to Land<br>❒ 245 Tort Product Liability<br>❒ 290 All Other Real Property | **CIVIL RIGHTS**<br>❒ 440 Other Civil Rights<br>❒ 441 Voting<br>❒ 442 Employment<br>❒ 443 Housing/ Accommodations<br>❒ 445 Amer. w/Disabilities - Employment<br>❒ 446 Amer. w/Disabilities - Other<br>❒ 448 Education | **PRISONER PETITIONS**<br>❒ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>❒ 530 General<br>❒ 535 Death Penalty<br>❒ 540 Mandamus & Other<br>❒ 550 Civil Rights<br>❒ 555 Prison Condition<br>❒ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❒ 462 Naturalization Application<br>❒ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>❒ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from another district *(specify)*
- ❒ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**　❒ Yes　❒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____　　DOCKET NUMBER _____

DATE _____　SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____